**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

KENDALL PALMER,

    Plaintiff,

               v.

NEW REZ *doing business as* SHELLPOINT
MORTGAGE SERVICING, *et al.*,

    Defendants.

Civil Action No.
1:25-cv-00999-SDG

## OPINION & ORDER

This matter is before the Court on various motions filed by the parties, including motions to dismiss filed by the Defendants, a motion for default judgment filed by Plaintiff Kendall Palmer, and other motions filed by Palmer. For the following reasons, the motions to dismiss [ECFs 17, 19, 32, 34] are **GRANTED**, the motion for default judgment [ECF 24] is **DENIED**, and the remaining motions [ECFs 22, 23, 25, 28] are **DENIED as moot**.

### I.     Background

Palmer, proceeding *pro se*, filed a hand-written Complaint containing allegations that are difficult to follow. It appears that he filed for bankruptcy sometime in or before January 2025 because his property was facing foreclosure.[1] U.S. Bankruptcy Judge James R. Sacca was assigned to and presided over the

---

[1]     ECF 5, at 6.

1

bankruptcy case.[2] Palmer states that he requested a hearing in the bankruptcy case to "challeng[e]" a contract and promissory note, presumably related to the mortgage.[3] During the hearing, Judge Sacca "had [Palmer] escorted out of the courtroom as [Palmer] made objections," and Palmer alleges that this violated his "rights."[4]

In the case currently before the Court, it appears that Palmer seeks to again challenge the validity of the mortgage documents, though he also raises multiple other claims against the Defendants.[5] He specifically mentions breach of contract, forgery, slander of title, slander of credit, intentional infliction of emotional distress, violation of his civil rights under U.S.C. § 1983, violation of due process, conspiracy to commit real estate deed fraud, and wrongful foreclosure.[6] It is largely unclear against whom the claims are brought, as he mostly refers to "the Defendants" collectively or to "the bank," without specifying a particular Defendant or bank.[7]

---

[2]    *Id.*

[3]    *Id.*

[4]    *Id.*

[5]    *Id.*

[6]    *See generally id.*

[7]    *See generally id.*

## II.    Defendants' motions to dismiss are granted.

Defendants Wells Fargo Bank, NA and New Rez *doing business as* Shellpoint

Mortgage Servicing (Shellpoint), Rub Lublin, LLC, and Judge Sacca all move to

dismiss.[8] They argue that the Complaint fails to state a claim upon which relief can

be granted;[9] Judge Sacca also raises judicial immunity.[10]

### A.    Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a

"short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2). While this pleading standard does not require

"detailed factual allegations," the Supreme Court has held that "labels and

conclusions" or "a formulaic recitation of the elements of a cause of action will not

do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007)).

To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A complaint is plausible on its

face when the plaintiff pleads factual content necessary for the court to draw the

---

8    ECFs 17, 19, 32, 34.

9    ECFs 17, 19, 32, 34.

10    ECF 34.

reasonable inference that the defendant is liable for the conduct alleged. *Id.* (citing *Twombly*, 550 U.S. at 556).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). However, this principle does not apply to legal conclusions set forth in the complaint. *Iqbal*, 556 U.S. at 678.

When a plaintiff chooses to proceed *pro se*, his or her complaint is "held to less stringent standards than formal pleadings drafted by lawyers" and must be "liberally construed." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and quotation omitted); *see also Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences" contained in complaints filed by *pro se* litigants. *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2006) (quotation and citation omitted). And furthermore, *pro se* plaintiffs are still required to comply with threshold requirements of the Federal Rules of Civil Procedure. *Trawinski v. United Techs.*, 313 F.3d 1295, 1299 (11th Cir. 2002).

### B.     Discussion

####    1.     Palmer's claims against Judge Sacca are dismissed with prejudice.

In his motion to dismiss, Judge Sacca asserts that he is entitled to absolute judicial immunity against Palmer's claims.[11] It is a well-settled principle of law that judicial officers are immune from damage suits arising out of their official duties. *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). The Supreme Court has held that judicial immunity can only be overcome in two sets of circumstances: (1) where the actions taken were nonjudicial, and (2) where the actions were taken in the "complete absence of all jurisdiction." *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Palmer's claims do not overcome judicial immunity.

It appears that Palmer is challenging actions Judge Sacca took during an evidentiary hearing, such as having Palmer "escorted out by security" and being "biased" during the hearing.[12] These actions are plainly "judicial in nature." *Id. See also Stump*, 435 U.S. at 362 (holding that an act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his judicial capacity). First, the exclusion of individuals from the courtroom is a judicial act. *See, e.g., Stevens v. Osuna*, 877 F.3d 1293, 1304-05 (11th Cir. 2017) (holding that an

---

[11]   ECF 34, at 5.

[12]   ECF 5, at 6.

Immigration Judge was engaging in the performance of a judicial function when he excluded a member of the public from the courtroom); *Cameron v. Seitz*, 38 F.3d 264, 271 (6th Cir. 1994) ("A judge acts in his judicial capacity when he exercises control over his courtroom [and t]hus, when [the judge] barred [the plaintiff] from his courtroom, he was acting in his judicial capacity and was entitled to judicial immunity.") (citing *Sheppard v. Maxwell*, 384 U.S. 333, 358 (1966)). Second, to the extent that Palmer seeks to overcome Judge Sacca's judicial immunity by asserting "bias," he is unsuccessful because "judicial immunity is not overcome by allegations of bad faith or malice." *Mireles*, 502 U.S. at 11. Instead, in considering whether an action was judicial in nature, courts are to look to the "function" rather than the precise act taken. *See id.* at 12 (citing *Stump*, 435 U.S. at 362). Even if "biased," the conduct complained of was taken while Judge Sacca was presiding over an evidentiary hearing, an act that is undoubtedly judicial in nature.

Finally, as to the second exception to judicial immunity, it cannot be said that Judge Sacca's actions were taken in the "complete absence of all jurisdiction." *Id.* at 12. Judge Sacca was presiding over a bankruptcy evidentiary hearing that Palmer himself requested. Judge Sacca's conduct was in aid of his obligation to rule on Palmer's motion. Palmer cannot show that Judge Sacca lacked subject matter over the bankruptcy case.

Accordingly, Judge Sacca is absolutely immune from Palmer's claims. The Court **GRANTS** Judge Sacca's motion to dismiss.

### 2.    Palmer's remaining claims are dismissed without prejudice.

Defendants Wells Fargo,[13] Shellpoint,[14] and Rubin Lublin[15] move to dismiss on the grounds that Palmer's Complaint is a shotgun pleading. A "shotgun pleading" is one that does "not provide a short and plain statement of a claim as required by Rule 8." *Brown v. Air Line Pilots Ass'n*, 2020 WL 2175959, at \*1 (11th Cir. May 6, 2020) (citing *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018)). A shotgun pleading fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (citations omitted). "It employs a multitude of claims and incorporates by reference all of its factual allegations into each claim, making it nearly impossible for Defendants and the Court to determine with any certainty which factual allegations give rise to which claims for relief." *Jackson*, 898 F.3d at 1356.

Shotgun pleadings "patently violate" the federal pleading standards. *Id. See also Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020) ("Such a

---

[13]   ECF 17.

[14]   ECF 19.

[15]   ECF 32.

7

pleading is never plain because it is impossible to comprehend which specific factual allegations the plaintiff intends to support which of his causes of action, or how they do so."). Accordingly, when a district court receives a shotgun pleading, the court "should strike it and instruct counsel to replead the case," rather than "parse out such incomprehensible allegations." *Estate of Bass*, 947 F.3d at 1358 (citation omitted).

The Eleventh Circuit has identified four categories of shotgun pleadings. *Weiland*, 792 F.3d at 1321–23. While these categories are not legally distinct from one another, they are instructive in determining whether a complaint is a shotgun pleading. These categories are: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;" (2) "a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) a complaint that does "not separat[e] into a different count each cause of action or claim for relief;"(4) a complaint "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id*. at 1321–23.

Palmer's Complaint suffers from the deficiencies outlined in the second and fourth categories. For example, while Palmer's Complaint lists multiple claims, he largely fails to include in those counts facts supporting the various elements; rather, for many counts, Palmer lists only causes of action and the legal elements that he believes make up that cause of action, and for other counts, he lists only a count without including facts or even the legal elements.[16] *See* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."). He also largely fails to articulate against which Defendants each claim is being brought, often referring to them merely as "the Defendants." The Complaint's ambiguity is exacerbated by its confusing organization: it switches between vague factual allegations, causes of actions, assertions of his rights, requests for damages, and back again to other causes of action. This ambiguity places a significant burden on both the Court and Defendants in this case. *E.g., Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) ("Shotgun pleadings . . . waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts."); *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) ("The failure to identify claims with sufficient

---

[16]   *See, e.g.*, ECF 5, at 14, 20–21.

clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'"); *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366–67 (11th Cir. 1996) ("[W]ith the shotgun pleading out of the way, the trial judge will be relieved of the cumbersome task of sifting through myriad claims, many of which may be foreclosed by [various] defenses."). In short, Palmer's Complaint is a shotgun pleading and therefore fails to state a claim for which relief can be granted.

The Eleventh Circuit has indicated that, when a complaint is dismissed as a shotgun pleading, it is appropriate to instruct the party to replead. *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998). And, where a *pro se* plaintiff may be able to correct the deficiencies in his pleading, he should be given the opportunity to replead. *Estate of Bass*, 947 F.3d at 1358; *Jackson*, 898 F.3d at 1358 ("In dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff one chance to remedy such deficiencies."); *Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1292 (11th Cir. 2018). *See also Walters v. Sec'y, Fla. Dep't of Corr.*, 743 F. App'x 401, 402 (11th Cir. 2018) ("To the extent the district court dismissed Walters's complaint as a shotgun pleading, the court ought to have given him the opportunity to replead, with instructions.").

Accordingly, the Court **GRANTS** the Defendants' motions to dismiss but will allow Palmer a chance to replead his claims.

### C.    Palmer's motion for default judgment is denied.

Finally, Palmer's motion for default judgment against Defendants Rubin Lublin; Lefkoff, Rubin, Gleason, Russo & Williams, P.C.; and Judge James R. Sacca is **DENIED**. Because the Court dismisses the Complaint as a shotgun pleading, Palmer cannot be granted default judgment. A default entered pursuant to Rule 55(a) constitutes an admission of all well-pled factual allegations in the complaint, *see Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005), and a shotgun pleading cannot be considered well-pled. *See Estate of Bass*, 947 F.3d at 1358.

Palmer's motion for default judgment is also procedurally improper. Palmer did not first seek the Clerk's entry of default by providing evidence that the opposing party failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). Nor could he have obtained the Clerk's entry of default, because those Defendants responded to the complaint by motion as permitted by the Fed. R. Civ. P. 12(b).

## III.    Conclusion

Defendants' motions to dismiss [ECFs 17, 19, 32, 34] are **GRANTED**. Accordingly, Palmer's Complaint [ECF 5] is **DISMISSED**. All claims against

11

Judge Sacca are **DISMISSED WITH PREJUDICE**. The Clerk is **DIRECTED** to terminate Judge Sacca as a Defendant on the docket of this action.

All claims against the remaining Defendants are **DISMISSED WITHOUT PREJUDICE**. Palmer's motion for default judgment [ECF 24] is **DENIED**. All motions related to discovery—including Palmer's motions to extend discovery [ECF 23] and for discovery [ECF 25], as well as Wells Fargo and New Rez's motion to stay [ECF 28]—are **DENIED as moot**.[17] Lastly, Palmer's motion for communications from the Court to be sent to him by mail [ECF 22] is **DENIED as moot**.[18]

Palmer is **ALLOWED** to file an amended pleading consistent with this Order **within 30 days**. He is advised that he must comply with the typeface

---

[17]   ECF 4, at 7–8 ("During the pendency of a motion to dismiss filed by any party, in whole or in part, all discovery is automatically stayed until the Court rules on the motion or otherwise directs. This stay includes all pretrial activity and deadlines, such as the NDGa LR 16.1 conference, Joint Preliminary Report and Discovery Plan, initial disclosures, and commencement of discovery.").

[18]   Because Palmer is proceeding *pro se*, any orders entered by the Court are already mailed to him by the Clerk's office. LR App'x H, § II.B.3, NDGa. *See, e.g.*, Mar. 3 & 13, 2025 D.E. (reflecting mailings by the Clerk to Plaintiff of Court orders).

requirements of the Local Rules, and the amended complaint must be double-spaced with 14-point font or the equivalent. *See* LR 5.1(B)–(E), NDGa.

Palmer must separately list in consecutively numbered paragraphs all individual factual allegations and legal assertions and must not lump multiple statements together in a paragraph. The facts must explain what happened, which Defendant engaged in that conduct, and how that conduct injured Palmer.

Palmer must also identify each claim asserted with a title and number (*e.g.*, "Count One: Breach of Contract"). Under each separate claim, Palmer must identify the law on which that cause of action is based, and he must allege or incorporate the factual allegations necessary to meet all of the legal elements of that claim. In doing so, Palmer must not incorporate all prior allegations wholesale in every subsequent claim. The paragraphs within each claim may refer to specifically-appropriate factual assertions in the background section, but they may not incorporate all preceding paragraphs wholesale. Finally, the allegations must show a plausible factual basis for each claim alleged and not just legal conclusions.

Any amended complaint will completely supersede the original Complaint, and thus must include *all claims* being asserted.

If Palmer fails to file an amended pleading within 30 days, his claims will be considered **dismissed with prejudice** at that time.

The Clerk is **DIRECTED** to resubmit this Order to undersigned after 30 days.

**SO ORDERED** this 31st day of March, 2026.

_____
Steven D. Grimberg
United States District Judge